**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Aerolinhas Brasileiras S.A.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   9 8 – 0 1 7 7 5 7 9

4. **Debtor's address**

   **Principal place of business**

   Aeroporto Internacional de Viracopos
   Number        Street
   Rodovia Santos Dumont, Km 66, sistema viário principal, s/ nº

   Campinas, SP, CP 13052-970
   City                State     ZIP Code

   Brazil
   Country

   **Mailing address, if different from principal place of business**

   Number        Street

   P.O. Box

   City                State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number        Street

   City                State     ZIP Code

5. **Debtor's website** (URL)   www.latam.com

Debtor  Aerolinhas Brasileiras S.A._____  Case number (*if known*)_____
            *Name*

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |
| **7.** | **Describe debtor's business** | A. *Check one:* <br> ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ☑ None of the above <br><br> B. *Check all that apply:* <br> ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br>    4  8  1  1 |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** <br><br> A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:* <br> ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☑ Chapter 11. *Check **all** that apply*: <br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>    ☐ A plan is being filed with this petition. <br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br> ☐ Chapter 12 |

Debtor  Aerolinhas Brasileiras S.A.  
_Name_

Case number (if known) _____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No  
☐ Yes. District _____ When ___/___/_____ Case number _____  
           District _____ When ___/___/_____ Case number _____

If more than 2 cases, attach a separate list.

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No  
☒ Yes. Debtor: LATAM Airlines Group, et al.    Relationship: Affiliate  
       District: Southern District of New York    When: 05/26/2020  
       Case number, if known: 20-11254

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.  
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____  
Number    Street  
_____  
_____  
City                                    State   ZIP Code

**Is the property insured?**

☐ No  
☐ Yes. Insurance agency _____  
       Contact name _____  
       Phone _____

---

**Statistical and administrative information**

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 3

Debtor ___Aerolinhas Brasileiras S.A.___    Case number (if known)_____
         Name

| 13. | **Debtor's estimation of available funds** | Check one:<br>☑ Funds will be available for distribution to unsecured creditors.<br>❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors**<br>(on a consolidated basis) | ❑ 1-49<br>❑ 50-99<br>❑ 100-199<br>❑ 200-999 | ❑ 1,000-5,000<br>❑ 5,001-10,000<br>❑ 10,001-25,000 | ❑ 25,001-50,000<br>❑ 50,001-100,000<br>☑ More than 100,000 |
| 15. | **Estimated assets**<br>(on a consolidated basis) | ❑ $0-$50,000<br>❑ $50,001-$100,000<br>❑ $100,001-$500,000<br>❑ $500,001-$1 million | ❑ $1,000,001-$10 million<br>❑ $10,000,001-$50 million<br>❑ $50,000,001-$100 million<br>❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion<br>❑ $1,000,000,001-$10 billion<br>☑ $10,000,000,001-$50 billion<br>❑ More than $50 billion |
| 16. | **Estimated liabilities**<br>(on a consolidated basis) | ❑ $0-$50,000<br>❑ $50,001-$100,000<br>❑ $100,001-$500,000<br>❑ $500,001-$1 million | ❑ $1,000,001-$10 million<br>❑ $10,000,001-$50 million<br>❑ $50,000,001-$100 million<br>❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion<br>❑ $1,000,000,001-$10 billion<br>☑ $10,000,000,001-$50 billion<br>❑ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on __07/09/2020__
                  MM / DD / YYYY

    ✗ _____         ___Ramiro Alfonsín Balza_____
      Signature of authorized representative of debtor      Printed name

      Title ___Authorized Signatory_____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **4**

Debtor  Aerolinhas Brasileiras S.A.
      Name

Case number *(if known)*_____

**18. Signature of attorney**

✗ /s/ Luke A. Barefoot

Signature of attorney for debtor

Date  07/09/2020
    MM / DD / YYYY

Luke A. Barefoot
Printed name

Cleary Gottlieb Steen & Hamilton LLP
Firm name

One Liberty Plaza
Number    Street

New York           NY    10006
City              State    ZIP Code

(212) 225-2829          lbarefoot@cgsh.com
Contact phone          Email address

4298089                  NY
Bar number             State

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Aerolinhas Brasileiras S.A., | Case No.:  20-(___) |
| Debtor. | Joint Administration Pending |

**CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Equity Interest Held |
|---|---|
| TAM S.A. | 100% |
| Holdco I S.A. | Holds 36.91% of the equity interest of TAM S.A. |
| LATAM Airlines Group S.A. | Holds 63.09% of the equity interest of TAM S.A. |
| Delta Air Lines, Inc. | Holds 19.99% of the equity interest of LATAM Airlines Group S.A. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LATAM Airlines Group, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 20-11254<br><br>Jointly Administered/Joint Administration Pending |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING FIVE LARGEST SECURED CLAIMS**

The following is a list of those creditors holding the five largest secured claims against the Debtors, on a consolidated basis, as of July 8, 2020. This list has been prepared from the books and records of the Debtors for filing in the Debtors' chapter 11 case.

The information set forth herein shall not constitute an admission of liability by, nor is binding on, the Debtors, nor shall it bind the Debtors or their estates as to the amount, nature and status of any claim. The failure to list or designate any claim as contingent, disputed

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's U.S. or local tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corredora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

or subject to set off, recharacterization or other challenge shall not be a waiver of any of the Debtors' rights or defenses relating thereto.

| Creditor/Address | Claim Amount | Debt Type | General Description of Collateral |
|---|---|---|---|
| Citibank, N.A., Loan Administration<br>1615 Brett Road, OPS 3<br>New Castle, DE 19720<br>United States<br>Michael Leonard<br>PHONE: +1 (212) 816-5233<br>michael.leonard@citi.com | $600,000,000 | Revolving Loan Agreement | 26 Planes, 15 Engines and certain spare parts |
| BNP Paribas<br>787 Seventh Avenue, New York, NY 10019, United States of America<br>Attn: Ahsan Avais<br>(Ahsan.AVAIS@us.bnpparibas.com)<br>Office: +1 212-471-7089<br>Mobile: +1 781-244-7316<br><br>Investec Bank PLC<br>2 Gresham Street, London EC2V 7QP, United Kingdom<br>Attn: James Paterson<br>(james.paterson@investec.co.uk)<br>T: +44 (0) 20 7597 3679<br>M: +44 (0) 7785 252 427 | $300,289,939 | Aircraft Loan Agreement | 3 A350s |
| Credit Agricole Corporate and Investment Bank<br>Credit Agricole Building<br>1301 Avenue of the Americas<br>SFI Agency & Middle Office, 20th Floor<br>New York, NY 10019-6022<br>Attn: Justine Ventrelli / Claire Vacca<br>Telephone: +1 (212) 261-7886 / + 1 (212) 261-3382<br>Facsimile: +1 (917) 849-5054 | $273,198,686 | Engine Loan Facility | 41 Engines |
| Natixis<br>30, avenue Pierre Mendes France - 75013 Paris<br>BP 4 75060 Paris Cedex 02<br>542 044 524 RCS Paris<br>Attn: Andrew Young Okana Nsiawi<br>PHONE: +33 (0) 1 58 32 38 36<br>EMAIL: andrew.okana@natixis.com | $241,841,364 | Aircraft Loan Agreement | 9 A321s |
| JP Morgan<br>25 Bank Street, Canary Wharf, London E14 5JP, United Kingdom<br>Attn: Lindsay J Cane<br>(lindsay.j.cane@jpmchase.com) | $209,235,830 | Secured Notes | 1 A321, 11 A320s |

2

**Fill in this information to identify the case and this filing:**

Debtor Name __Aerolinhas Brasileiras S.A.__

United States Bankruptcy Court for the: __Southern__ District of __New York__
(State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement; Top 5 Secured Creditors List__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/09/2020__     ✗ _____
MM / DD / YYYY                     Signature of individual signing on behalf of debtor

__Ramiro Alfonsín Balza__
Printed name

__Authorized Signatory__
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

**Fill in this information to identify the case:**

Debtor name: LATAM Airlines Group S.A., et al.
United States Bankruptcy Court for the Southern District of New York
Case number (if known): 20-11254

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | LATAM 2026 Notes<br>Attn: Peter Lopez<br>Bank of New York Mellon, as Trustee<br>240 Greenwich Street<br>7E<br>New York, NY 10286 | LATAM 2026 Notes<br>Attn: Peter Lopez<br>PHONE: 212-815-8273<br>FAX:<br>EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $800,000,000.00 |
| 2 | LATAM 2024 Notes<br>Attn: Peter Lopez<br>Bank of New York Mellon, as Trustee<br>240 Greenwich Street<br>7E<br>New York, NY 10286 | LATAM 2024 Notes<br>Attn: Peter Lopez<br>PHONE: 212-815-8273<br>FAX:<br>EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $700,000,000.00 |
| 3 | Banco Santander Chile<br>Attn: Maria Soledad Schuster<br>Bandera N° 140<br>Santiago, Metropolitana<br>Chile | Banco Santander Chile<br>Attn: Maria Soledad Schuster<br>PHONE: 56 (2) 2648 3669 Anexo 83669<br>FAX:<br>EMAIL: mariasoledad.schuster@santander.cl | FREQUENT FLIER MILES | Contingent | | | $549,000,000.00 |
| 4 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>Wells Fargo Trust Company, N.A., as Agent<br>299 S Main Street, 5th Floor<br>Salt Lake City, UT 84111 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>PHONE: 385-415-8024<br>FAX:<br>EMAIL: sarah.velez@wellsfargo.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $261,628,819.92 |
| 5 | Banco do Brasil S.A.<br>Attn: Rodrigo Szabo Luiz<br>Large Corporate 3132<br>Rua São Carlos do Pinhal, 627 - 1º subsolo (Docas)<br>Bela Vista<br>São Paulo-SP 01333-001<br>Brazil | Banco do Brasil S.A.<br>Attn: Rodrigo Szabo Luiz<br>PHONE: 55 (11) 4298-7056;  55 (11) 99618-9230<br>FAX:<br>EMAIL: rodrigoszabo@bb.com.br | UNSECURED DEBT | | | | $195,354,619.95 |
| 6 | Local Bonds, Series E<br>Attn: Francesca Gardella<br>Banco del Estado de Chile, as Trustee<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series E<br>Attn: Francesca Gardella<br>PHONE: 562-2970 6210<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $179,030,673.32 |
| 7 | Banco de Credito del Perú<br>Attn: Kristel Vasquez Guzmán<br>Calle Centenario 156<br>Lima<br>Peru | Banco de Credito del Perú<br>Attn: Kristel Vasquez Guzmán<br>PHONE: 51.1.313.2000<br>FAX: 51.1.313.2121<br>EMAIL: kristelvasquezg@bcp.com.pe | FREQUENT FLIER MILES | Contingent | | | $167,000,000.00 |
| 8 | Banco Santander Madrid<br>Attn: Luis Casero Ynfiesta<br>Av. de Cantabria s/n<br>28660 Boadilla del Monte<br>Madrid<br>Spain | Banco Santander Madrid<br>Attn: Luis Casero Ynfiesta<br>PHONE: 34 91 289 72 47<br>FAX:<br>EMAIL: luis.casero@gruposantander.com | UNSECURED DEBT | | | | $139,458,747.93 |
| 9 | EXIM - Aircraft Loan Agreement<br>Attn: Michael Leonard<br>Citibank, N.A., Loan Administration<br>1615 Brett Road, OPS 3<br>New Castle, DE 19720 | EXIM - Aircraft Loan Agreement<br>Attn: Michael Leonard<br>PHONE: 212-816-5233<br>FAX:<br>EMAIL: michael.leonard@citi.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $138,670,419.00 |
| 10 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>Wells Fargo Trust Company, N.A., as Agent<br>299 S Main Street, 5th Floor<br>Salt Lake City, UT 84111 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>PHONE: 385-415-8024<br>FAX:<br>EMAIL: sarah.velez@wellsfargo.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $137,451,740.00 |
| 11 | ECA - Aircraft Loan Agreement<br>Attn: Juan Suárez Romero<br>Banco Santander, as Agent<br>Bandera 140, piso 14<br>Santiago<br>Chile | ECA - Aircraft Loan Agreement<br>Attn: Juan Suárez Romero<br>PHONE: 56 2 2336 3331; 56 9 9550 3775<br>FAX:<br>EMAIL: juan.suarez@santander.cl | ECA - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $98,039,103.37 |
| 12 | Local Bonds, Series A<br>Attn: Francesca Gardella<br>Banco del Estado de Chile, as Trustee<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series A<br>Attn: Francesca Gardella<br>PHONE: 562-2970 6210<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 13 | Local Bonds, Series B<br>Attn: Francesca Gardella<br>Banco del Estado de Chile, as Trustee<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series B<br>Attn: Francesca Gardella<br>PHONE: 562-2970 6210<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 14 | Banco Bradesco S.A.<br>Attn: Leon L. Albuquerque e Sousa<br>Av. Brigadeiro Faria Lima 3950, 9º andar<br>São Paulo, SP 04538-132<br>Brazil | Banco Bradesco S.A.<br>Attn: Leon L. Albuquerque e Sousa<br>PHONE: (11) 3847-9181; (11) 97693-5644<br>FAX:<br>EMAIL: leon.sousa@bradesco.com.br | UNSECURED DEBT | | | | $78,486,876.03 |

The information set forth herein represents the Debtors' best efforts to identify the relevant claims, and shall not constitute an admission of liability by, nor is it binding on, the Debtors. Furthermore, the failure to list a claim as contingent, disputed or subject to set off shall not be a waiver of any right of the Debtors' rights relating thereto.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 15 | Scotiabank Chile<br>Attn: Federico Alonso<br>Casa Matriz<br>Av Costanera Sur 2710, Torre A<br>Santiago<br>Chile | Scotiabank Chile<br>Attn: Federico Alonso<br>PHONE: 416-866-6161<br>FAX:<br>EMAIL: Federico.Alonso@scotiabank.cl | UNSECURED DEBT | | | | $74,000,000.00 |
| 16 | GE CELMA LTDA<br>Attn: Edgar Salazar, Volnei Vieira Esteves<br>R. Alice Hervé, 356 - Bingen,<br>Petrópolis - RJ 25669-900<br>Brazil | GE CELMA LTDA<br>Attn: Edgar Salazar, Volnei Vieira Esteves<br>PHONE:<br>FAX:<br>EMAIL: edgar.salazar1@ge.com; VolneiVieira.Esteves@ge.com | TRADE DEBT | | | | $72,788,641.11 |
| 17 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>Wells Fargo Trust Company, N.A., as Agent<br>299 S Main Street, 5th Floor<br>Salt Lake City, UT 84111 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>PHONE: 385-415-8024<br>FAX:<br>EMAIL: sarah.velez@wellsfargo.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $71,911,661.38 |
| 18 | Local Bonds, Series C<br>Attn: Francesca Gardella<br>Banco del Estado de Chile, as Trustee<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series C<br>Attn: Francesca Gardella<br>PHONE: 562-2970 6210<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 19 | Local Bonds, Series D<br>Attn: Francesca Gardella<br>Banco del Estado de Chile, as Trustee<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series D<br>Attn: Francesca Gardella<br>PHONE: 562-2970 6210<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 20 | Banco BTG Pactual Chile, as Agent<br>Attn: Rodrigo Oyarzo<br>Avenida Costanera Sur 2730<br>19th Floor<br>Santiago, Metropolitana<br>Chile | Banco BTG Pactual Chile, as Agent<br>Attn: Rodrigo Oyarzo<br>PHONE: 56 22 587 5027<br>FAX:<br>EMAIL: Rodrigo.Oyarzo@btgpactual.com | UNSECURED DEBT | | | | $59,438,183.54 |
| 21 | Aircraft Loan Agreement<br>Attn: Juan Suárez Romero<br>Banco Santander, as Agent<br>Bandera 140, piso 14<br>Santiago<br>Chile | Aircraft Loan Agreement<br>Attn: Juan Suárez Romero<br>PHONE: 56 2 2336 3331; 56 9 9550 3775<br>FAX:<br>EMAIL: juan.suarez@santander.cl | AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $56,696,392.63 |
| 22 | Aerospace Turbine Services & Solutions<br>Attn: Mansoor Janahi<br>Adjacent Abu Dhabi Intl Airport Turbine Services Building<br>Gate Number 3<br>ABU DHABI<br>UNITED ARAB EMIRATES | Aerospace Turbine Services & Solutions<br>Attn: Mansoor Janahi<br>PHONE: 971 (2) 5057887<br>FAX:<br>EMAIL: MJanahi@tssaero.ae | TRADE DEBT | | | | $54,749,119.20 |
| 23 | American Express Travel Related Services Company, Inc<br>Attn: Liliana Gutierrez<br>200 Vesey Street<br>New York, NY 10285 | American Express Travel Related Services Company, Inc<br>Attn: Liliana Gutierrez<br>PHONE: 56 2 2783 8733<br>FAX:<br>EMAIL: liliana.w.gutierrez@aexp.com | UNSECURED DEBT | | | | $52,511,111.00 |
| 24 | Banco Itaú Unibanco S.A.<br>Attn: Michele do Carmo<br>Praça Alfredo Egydio de Souza Aranha nº 100, Torre Olavo Setubal<br>Parque Jabaquara<br>São Paulo-SP CEP 04344-902<br>Brazil | Banco Itaú Unibanco S.A.<br>Attn: Michele do Carmo<br>PHONE: 55 11 5029- 2355 - Ext. 7705<br>FAX:<br>EMAIL: michele.santo@itau-unibanco.com.br | FREQUENT FLIER MILES | Contingent | | | $52,299,456.05 |
| 25 | World Fuel Services<br>Attn: RICHARD HOPPE<br>9800 NW 41 Street, Suite 400<br>Miami, FL 33178 | World Fuel Services<br>Attn: RICHARD HOPPE<br>PHONE: 1-305-799-3532<br>FAX:<br>EMAIL: RHoppe@wfscorp.com | TRADE DEBT | | | | $46,052,121.98 |
| 26 | Banco del Estado de Chile<br>Attn: Francesca Gardella<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Banco del Estado de Chile<br>Attn: Francesca Gardella<br>PHONE: 562-2970 6210<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED DEBT | | | | $40,000,000.00 |
| 27 | BP p.l.c (Air BP)<br>Attn: John Platt, CEO<br>501 Westlake Park Boulevard<br>Houston, TX 77079 | BP p.l.c (Air BP)<br>Attn: John Platt, CEO<br>PHONE: 971 5 04536032<br>FAX: 971 4 3318628<br>EMAIL: airbpoutofhours@bp.com | TRADE DEBT | | | | $39,882,361.95 |
| 28 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>Wells Fargo Trust Company, N.A., as Agent<br>299 S Main Street, 5th Floor<br>Salt Lake City, UT 84111 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>PHONE: 385-415-8024<br>FAX:<br>EMAIL: sarah.velez@wellsfargo.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $39,348,743.00 |
| 29 | EXIM - Aircraft Loan Agreement<br>Attn: Arnaud Drapeau<br>Société Générale, as Agent<br>245 Park Avenue<br>New York, NY 10167 | EXIM - Aircraft Loan Agreement<br>Attn: Arnaud Drapeau<br>PHONE: 212-278-4103; 914-434-7016<br>FAX:<br>EMAIL: arnaud.drapeau@sgcib.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $37,415,505.31 |
| 30 | EXIM - Aircraft Loan Agreement<br>Attn: Arnaud Drapeau<br>Société Générale, as Agent<br>245 Park Avenue<br>New York, NY 10167 | EXIM - Aircraft Loan Agreement<br>Attn: Arnaud Drapeau<br>PHONE: 212-278-4103; 914-434-7016<br>FAX:<br>EMAIL: arnaud.drapeau@sgcib.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $37,378,515.31 |
| 31 | Petróleo Brasileiro S.A.<br>Attn: RODRIGO MOTTA GUIMARES<br>200 Westlake Park Boulevard<br>Suite 1000<br>Houston, TX 77079 | Petróleo Brasileiro S.A.<br>Attn: RODRIGO MOTTA GUIMARES<br>PHONE: 5521996474208<br>FAX:<br>EMAIL: rodrigo@br-petrobras.com.br | TRADE DEBT | | | | $35,973,425.23 |
| 32 | EXIM - Aircraft Loan Agreement<br>Attn: Arnaud Drapeau<br>Société Générale, as Agent<br>245 Park Avenue<br>New York, NY 10167 | EXIM - Aircraft Loan Agreement<br>Attn: Arnaud Drapeau<br>PHONE: 212-278-4103; 914-434-7016<br>FAX:<br>EMAIL: arnaud.drapeau@sgcib.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $35,286,477.47 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 33 | EXIM - Aircraft Loan Agreement<br>Attn: Arnaud Drapeau<br>Société Générale, as Agent<br>245 Park Avenue<br>New York, NY 10167 | EXIM - Aircraft Loan Agreement<br>Attn: Arnaud Drapeau<br>PHONE: 212-278-4103; 914-434-7016<br>FAX:<br>EMAIL: arnaud.drapeau@sgcib.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $34,039,807.66 |
| 34 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>Wells Fargo Trust Company, N.A., as Agent<br>299 S Main Street, 5th Floor<br>Salt Lake City, UT 84111 | EXIM - Aircraft Loan Agreement<br>Attn: Sarah Velez<br>PHONE: 385-415-8024<br>FAX:<br>EMAIL: sarah.velez@wellsfargo.com | EXIM - AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $31,066,204.59 |
| 35 | Itaú CorpBanca<br>Attn: Carlos Irarrazaval<br>Avenida Presidente Riesco 5537<br>16th Floor<br>Santiago, Metropolitana<br>Chile | Itaú CorpBanca<br>Attn: Carlos Irarrazaval<br>PHONE: 56961699692<br>FAX:<br>EMAIL: Carlos.Irarrazaval@itau.cl | UNSECURED DEBT | | | | $29,857,588.21 |
| 36 | Aircraft Loan Agreement<br>Attn: Andrew Young Okana Nsiawi<br>Natixis as Agent<br>30, Avenue Pierre Mendes, BP 4 75060 Paris Cedex 02<br>542 044 524 RCS Paris<br>Paris 75013<br>France | Aircraft Loan Agreement<br>Attn: Andrew Young Okana Nsiawi<br>PHONE: 33 (0) 1 58 32 38 36<br>FAX:<br>EMAIL: andrew.okana@natixis.com | AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $29,151,065.46 |
| 37 | RAIZEN COMBUSTIVEIS S.A.<br>Attn: Leonardo Ozorio<br>AV DAS AMERICAS, 4200, BL 5 (SALAS 101/701) E BL 6 (SALAS 101/601)<br>Bairro BARRA DA TIJUCA<br>Cidade Rio de Janeiro CEP 22.640-102<br>Brazil | RAIZEN COMBUSTIVEIS S.A.<br>Attn: Leonardo Ozorio<br>PHONE: 55 (21) 99174-1677<br>FAX:<br>EMAIL: Leonardo.Ozorio@raizen.com | TRADE DEBT | | | | $28,570,916.08 |
| 38 | COMANDO DA AERONAUTICA<br>Attn: Major Brigadeiro do Ar Walcyr Josué de Castilho Araújo<br>GABAER - Esplanada dos Ministérios - Bloco M - 8º Andar<br>Brasília, DF CEP 70.045-900<br>Brazil | COMANDO DA AERONAUTICA<br>Attn: Major Brigadeiro do Ar Walcyr Josué de Castilho Araújo<br>PHONE: 55 (21) 21016205<br>FAX:<br>EMAIL: Walcyrwjca@decea.gov.br | TRADE DEBT | | | | $27,989,954.10 |
| 39 | IAE International Aero Engines AG<br>Attn: Florangel Gutierrez<br>400 Main Street<br>East Hartford, CT 06118 | IAE International Aero Engines AG<br>Attn: Florangel Gutierrez<br>PHONE:<br>FAX:<br>EMAIL: florangel.gutierrez@pw.utc.com | TRADE DEBT | | | | $25,314,147.00 |
| 40 | Aircraft Loan Agreement<br>Attn: Andrew Young Okana Nsiawi<br>Natixis as Agent<br>30, Avenue Pierre Mendes, BP 4 75060 Paris Cedex 02<br>542 044 524 RCS Paris<br>Paris 75013<br>France | Aircraft Loan Agreement<br>Attn: Andrew Young Okana Nsiawi<br>PHONE: 33 (0) 1 58 32 38 36<br>FAX:<br>EMAIL: andrew.okana@natixis.com | AIRCRAFT LOAN AGREEMENT | Contingent, Unliquidated | | | $24,693,926.48 |

**ABSA AEROLINHAS BRASILEIRAS S.A.**
CNPJ/ME 00.074.635/0001-33
NIRE 35.300.160.061

**ATA DA ASSEMBLEIA GERAL EXTRAORDINÁRIA
REALIZADA EM 08 DE JULHO DE 2020**

1. **Data, Hora e Local:** Dia 08 de julho de 2020, às 13:30 horas, na sede social da **ABSA Aerolinhas Brasileiras S.A.**, localizada na Cidade de Campinas, Estado de São Paulo, no Aeroporto de Viracopos, Rodovia Santos Dumont, Km 66, sistema viário principal, s/ nº, lado esquerdo, CEP 13.052-970 ("Companhia").

2. **Convocação e Presença:** Dispensada a convocação nos termos do parágrafo 4º do artigo 124 da Lei nº 6.404, de 15 de dezembro de 1976, conforme alterada ("Lei das S.A."), em virtude da presença de acionista representando a totalidade do capital social da Companhia.

3. **Mesa:** Jerome Paul Jacques Cadier, Presidente; e Bruno Angelo Indio e Bartijotto, Secretário.

4. **Ordem do Dia:** Deliberar sobre: **(i)** o pedido voluntário, pela Companhia, de submissão ao procedimento de que trata o *Chapter 11* do *Title 11* do *Bankruptcy Code* dos Estados Unidos da América ("*Bankruptcy Code*"), no procedimento consolidado da LATAM Airlines Group S.A. que está em curso perante o Distrito Sul de Nova Iorque ("Procedimento *Chapter 11*"); **(ii)** a obtenção de recursos pós-petição, a partir de financiamento ou outro mecanismo de captação de recursos, no Brasil e/ou no exterior, no âmbito do Procedimento Chapter 11, em valor agregado de até USD 2.650.000.000,00 (dois bilhões, seiscentos e cinquenta milhões de dólares americanos) para a LATAM Airlines Group S.A. e suas controladas (que inclui a Companhia), bem como a prestação de garantias relacionadas com o financiamento ou outro mecanismo de captação de recursos, a ser celebrado pela Companhia, em termos substancialmente iguais aos termos previstos no contrato de financiamento protocolado no Procedimento *Chapter 11* em 28 de junho de 2020 ("Contrato de Financiamento"); **(iii)** a contratação de assessores financeiros, contábeis, jurídicos e outros profissionais especializados para atuação no Procedimento *Chapter 11* e auxílio com o Financiamento DIP (conforme definido abaixo); e **(iv)** a autorização para que a administração da Companhia outorgue procurações a determinados indivíduos, para que estes as representem, individual ou conjuntamente, na condução, implementação, negociação, celebração, assinatura e/ou submissão dos instrumentos relacionados com o Financiamento DIP (conforme definido abaixo) e o Procedimento *Chapter 11*, com a possibilidade de substabelecimento, independentemente das disposições do Estatuto Social da Companhia.

5. **Considerações Iniciais:** Após a abertura da reunião, o Presidente da mesa pediu a palavra para tecer algumas considerações iniciais para a avaliação de todos os presentes:

    (a)     Em 11 de março de 2020, a Organização Mundial de Saúde declarou a ampla disseminação do novo COVID-19 como uma pandemia global. No curso das semanas que se seguiram, diversos países ao redor do mundo, incluindo cada um dos países em que a LATAM Airlines Group S.A. e suas afiliadas ("LATAM") operam, anunciaram severas restrições de viagens e/ou fechamento completo de suas fronteiras. O impacto à indústria de aviação foi virtualmente imediato e, conforme dados de 23 de abril de 2020, os voos comerciais da LATAM foram limitados a aproximadamente 4%

1

das rotas operadas antes da pandemia de COVID-19;

(b) Apesar de tomadas medidas para redução de custos e preservação de liquidez, a posição de liquidez da Companhia continuou a deteriorar-se com o avanço da pandemia de COVID-19;

(c) Em 26 de maio de 2020, a LATAM e algumas de suas afiliadas protocolaram um pedido de submissão ao processo a que se refere o *Chapter 11* do *Bankruptcy Code* dos Estados Unidos da América;

(d) A administração da Companhia teve acesso, revisou e teve a oportunidade de fazer perguntas sobre os materiais apresentados pelos assessores legais e financeiros da Companhia, a respeito das obrigações e liquidez da Companhia, as opções estratégicas à disposição e o impacto delas nos negócios da Companhia;

(e) A administração da Companhia consultou os seus respectivos assessores financeiros e legais, e, tendo considerado todas as alternativas estratégicas à disposição, concluiu ser desejável e no melhor interesse da Companhia, seus credores e outras partes interessadas que a Companhia ingressasse com o pedido voluntário de submissão ao Procedimento *Chapter 11*.

6. **Deliberações:** Após a leitura, análise e discussão da matéria constante da ordem do dia e das considerações iniciais feitas pelo Presidente da mesa, o acionista da Companhia deliberou:

   6.1 <u>Aprovar</u> a realização do pedido voluntário, pela Companhia, de submissão ao Procedimento *Chapter 11,* no processo consolidado da LATAM em curso perante o Distrito Sul de Nova Iorque.

   6.2 <u>Aprovar</u> a obtenção, no âmbito do Procedimento *Chapter 11*, de: (a) financiamento pós-petição, no valor agregado de até USD 2.650.000.000,00 (dois bilhões, seiscentos e cinquenta milhões de dólares americanos), para a LATAM Airlines Group S.A. e suas controladas (que inclui a Companhia), a ser celebrado em termos substancialmente iguais aos termos previstos no Contrato de Financiamento, que é de conhecimento dos acionistas, sujeito aos termos e condições que venham a ser negociados na versão final do Contrato de Financiamento, incluindo, sem qualquer limitação, demais termos e condições a respeito da parcela A do Financiamento DIP e a inclusão da Companhia e demais devedores domiciliados no Brasil no Procedimento *Chapter 11* como garantidores (*guarantors*) e devedores (*obligors*), cujos termos a respeito de tais sociedades brasileiras poderão ser descritos em anexo ao contrato final de financiamento ("<u>Financiamento DIP</u>"), e (b) prestação, pela Companhia, de garantias em favor dos respectivos investidores no âmbito do Financiamento DIP, nos termos da deliberação 6.4(b) abaixo.

   6.3 <u>Aprovar</u> a contratação, pela Companhia, dos seguintes assessores ("<u>Assessores</u>"), para exercício das seguintes funções, para atuarem no Procedimento *Chapter 11*, no Financiamento DIP e em assuntos relacionados, incluindo autorizando a administração da Companhia a celebrar contratos de consultoria e serviços com os Assessores, incluindo contratos de retenção de valores, para pagar os Assessores e para realiza pedido de autorização para reter os serviços dos seguintes Assessores:

   (a) O escritório de advocacia Claro & Cía., em coordenação com o escritório Cleary

2

Gottlieb, Steen & Hamilton LLP, para assessorar a Companhia na avaliação, coordenação geral, protocolo, execução, negociação e conclusão do Procedimento *Chapter 11*, e todos os outros processos relacionados com o mesmo, bem como qualquer processo de insolvência em que a Companhia tiver algum interesse;

(b) O escritório de advocacia Cleary, Gottlieb, Steen & Hamilton LLP, como assessor principal no contexto do Procedimento *Chapter 11*, e em coordenação com o escritório de advocacia Claro & Cía, para representar a Companhia no desempenho das suas funções e deveres nos termos do *Chapter 11* do *Bankruptcy Code* e assuntos conexos, e na tomada de todas e quaisquer ações apropriadas para fazer garantir e dar efeito aos direitos e obrigações da Companhia relacionados com o Procedimento *Chapter 11*, incluindo a apresentação de requerimentos e petições;

(c) O escritório de advocacia Togut, Segal & Segal, LLP como assessor de conflitos no Procedimento *Chapter 11*, e em coordenação com os escritórios de advocacia Claro & Cía e Cleary, Gottlieb, Steen & Hamilton LLP, para representar a Companhia no desempenho das suas funções e deveres nos termos do *Chapter 11* do *Bankruptcy Code* e assuntos conexos, e na tomada de todas e quaisquer ações apropriadas para fazer garantir e dar efeito aos direitos e obrigações da Companhia relacionados com o Procedimento *Chapter 11*, incluindo a apresentação de requerimentos e petições;

(d) O escritório de advocacia Demarest Advogados, em coordenação com o escritório Cleary, Gottlieb, Steen & Hamilton LLP, para assessorar a Companhia, relativamente a questões de lei brasileira, na avaliação, coordenação geral, protocolo, execução, negociação e conclusão do Procedimento *Chapter 11*, e todos os outros processos relacionados com o mesmo, bem como qualquer processo de insolvência em que a Companhia tiver algum interesse;

(e) FTI Consulting, Inc. como assessor financeiro de assuntos atinentes ao Procedimento *Chapter 11*, para representar a Companhia no desempenho dos seus deveres e funções nos termos do *Chapter 11* do *Bankruptcy Code*;

(f) PJT Partners, Inc. como assessor financeiro de assuntos atinentes ao Procedimento *Chapter 11*, para representar a Companhia no desempenho dos seus deveres e funções nos termos do *Chapter 11* do *Bankruptcy Code*;

(g) Prime Clerk LLC, na qualidade de agente de notificações e demandas, para representar a Companhia no desempenho das suas funções e deveres nos termos do *Chapter 11* do *Bankruptcy Code* e assuntos conexos, e na tomada de todas e quaisquer ações apropriadas para fazer garantir e dar efeito aos direitos e obrigações da Companhia relacionados com o Procedimento *Chapter 11*; e

(h) qualquer outro assessor jurídico, contábil, financeiro ou outros profissionais especializados para assessorar a Companhia no desempenho dos seus deveres e funções, na forma do *Bankruptcy Code*, e na tomada de todas e quaisquer ações apropriadas para garantir e dar efeito aos direitos e obrigações da Companhia em relação ao Procedimento *Chapter 11*, sempre conforme discricionariedade da administração da Companhia.

6.4 **Autorizar** a Companhia e a administração a:

3

(a) Autorizar, assinar e protocolar todos os pedidos, aplicações, petições, formulários, moções, listas, requerimentos, peças processuais e outros documentos, celebrar acordos, transigir, emitir documentos, fazer declarações e apresentações, participar em audiências e tomar todas e quaisquer medidas que considerem necessárias ou apropriadas para a apresentação do pedido voluntário de submissão ao Procedimento *Chapter 11*, e executar todos e quaisquer outros atos que considerem necessários, adequados e desejáveis em relação ao Procedimento *Chapter 11*, tendo como fim o êxito do Procedimento *Chapter 11*, incluindo, sem limitação, qualquer ação necessária para manter o curso normal e a continuidade dos negócios da Companhia;

(b) Em relação ao Financiamento DIP: (i) negociar, assinar, entregar e protocolar, se necessário, o contrato de financiamento, contratos de garantia, notas e documentos acessórios, certificados e instrumentos, e, em relação a mencionados documentos, quaisquer alterações, aditamentos, modificações, prorrogações e renovações dos mesmos ("Documentos do Procedimento DIP"), (ii) conceder garantias em favor do(s) agente(s), em benefício dos investidores e/ou financiadores, inclusive através da celebração, sem limitação, de hipoteca, penhor ou alienação fiduciária regido por lei local, em relação a motores, hipoteca ou penhor de imóveis, alienação fiduciária ou penhor de ações de subsidiárias, e outros documentos de garantia sob a lei local, relacionados a outras espécies de garantia, conforme determinado como adequado pela administração da Companhia, buscando garantir as obrigações previstas no Financiamento DIP, bem como quaisquer alterações, aditamentos, modificações, prorrogações e renovações dos mesmos instrumentos, e, em cada caso, tomar quaisquer medidas e ações necessárias relacionadas com os mesmos, (iii) negociar, assinar, entregar ou protocolar, conforme necessário, contrato, instrumento (privado ou público) ou documento a ser negociado, assinado, entregue ou protocolado, conforme necessário, (em conjunto com "Documentos do Procedimento DIP", os "Documentos DIP"), em nome da Companhia, e (iv) cumprir as suas obrigações nos termos dos Documentos DIP e tomar quaisquer outras medidas, e negociar e pagar todas as taxas, impostos e outras despesas relacionadas aos Documentos DIP; em cada caso, nos termos e condições que possam ser necessários, próprios ou desejáveis, em qualquer circunstância considerando as alterações introduzidas e os respectivos aditamentos autorizados pela administração da Companhia, devendo tal aprovação ser comprovada pela tomada de tal ação ou pela sua assinatura e entrega;

6.5 <u>Autorizar</u> a administração da Companhia a outorgar poderes aos Srs. Roberto Alvo Milosawlewitsch, Ramiro Alfonsin Balza, Andrés del Valle Eitel, Juan Carlos Menció e José María Eyzaguirre Baeza ("Procuradores"), para que estes, individual ou conjuntamente, independentemente da ordem de nomeação e do disposto no estatuto social da Companhia, representem a Companhia na condução, implementação, negociação, celebração, assinatura e/ou submissão dos instrumentos relacionados com o Procedimento *Chapter 11* e/ou o Financiamento DIP, bem como a outorga de poderes suficientes para implementar as resoluções aqui tomadas, sendo permitido o substabelecimento.

6.6 <u>Ratificar</u> que, na medida em que quaisquer atos, ações e transações relacionadas com os assuntos contemplados pelas deliberações aqui tomadas tenham sido praticados

4

pela administração ou procuradores da Companhia, representando a Companhia, tais ações são ratificadas e confirmadas na sua totalidade pelos acionistas da Companhia.

6.7 <u>Autorizar</u> a administração da Companhia, além das autorizações aqui concedidas, a tomar, ou fazer com que sejam tomadas, todas e quaisquer outras medidas, e elaborar, celebrar, assinar, executar, reconhecer e entregar (e registrar em cartórios competentes, se necessário), e arquivar todos e quaisquer acordos, contratos (incluindo anexos), certificados, instrumentos públicos ou privados, aditamentos, declarações juramentadas, ordens, instruções, certidões, pedidos, recibos, declarações de financiamento ou outros instrumentos e pagar todas as despesas, incluindo mas não se limitando às taxas de arquivamento, em cada caso conforme necessário, desejável ou aconselhável na visão da administração, a fim de dar pleno efeito às deliberações ora tomadas, concluir tais instrumentos, e executar plenamente os termos e disposições dos mesmos, incluindo através da atribuição dos poderes necessários aos Procuradores, conforme a resolução 5.5 supra.

7. <u>Esclarecimentos:</u> Foi autorizada a lavratura da presente ata na forma sumária, nos termos do artigo 130, parágrafo 1º, da Lei das S.A.

8. <u>Encerramento, Aprovação e Assinatura da Ata:</u> Nada mais havendo a tratar, foi a presente ata lavrada, lida, aprovada e assinada por todos os presentes. Assinaturas: **(a)** <u>Mesa</u>: Jerome Paul Jacques Cadier, Presidente; e Bruno Angelo Indio e Bartijotto, Secretário; e **(b)** <u>Acionista presente</u>: **TAM S.A.**, p. Jerome Paul Jacques Cadier e Jefferson Cestari.

São Paulo, 08 de julho de 2020.

*Certificamos que a presente é cópia fiel da ata lavrada em livro próprio.*

Mesa:

_____
Bruno Angelo Indio e Bartijotto
Secretário

5